# SUPREME COURT.

THE PEOPLE *ex rel.* JAMES H. PINCKNEY and THE RELIEF FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK agt. THE NEW YORK BOARD OF FIRE UNDERWRITERS.

*Corporate body — when member of, may be expelled — mandamus to reinstate.*

Where a corporation, *i. e.*, "The New York Board of Fire Underwriters," is formed for the purpose as declared in the act of incorporation (*Laws of* 1867, *chapter* 846), to "establish and maintain uniformity" amongst members "in policies or contracts of insurance," and the power is conferred upon such corporation "to make all needful by-laws not contrary to the provisions of the act, or the Constitution and laws of the state or of the United States."

*Held*, that a by-law which compels or binds their members to uniformity in their rates of insurance, comes directly within the power conferred. Such by-law cannot be attacked as being in contravention of public policy, nor in restraint of trade.

As the by-law was reasonable and within the corporate powers of the corporation, the relator, by violating such by-law, was guilty of a violation of the duty owed by it to the corporation, and consequently liable to expulsion.

To entitle a member of a corporation who has been expelled, to a peremptory *mandamus* to compel his reinstatement, a clear legal right to such reinstatement must be shown.

*Special Term, December,* 1875.

THE relator, James H. Pinckney, as president of The Relief Fire Insurance Company, was an incorporator in the corporation named the New York Board of Fire Underwriters, incorporated by chapter 847 of the Laws of 1867. Its purposes were declared to be "to inculcate just and equitable principles in the business of insurance; to establish and

maintain uniformity among its members in policies or contracts of insurance, and acquire, preserve and disseminate valuable information relative to the business in which they are engaged " (*Vol.* 2, *Laws of* 1867, *sec.* 2). And power was conferred upon it "to make all needful by-laws not contrary to the provisions of the act, or the Constitution and laws of this state or of the United States" (*id., sec.* 6). A by-law was adopted, providing that the board might establish or alter rates of premiums for insurance, by a majority of its members at any regular meeting, or one especially called for that purpose, and that such rates should be binding on all the members. The Relief Fire Insurance subscribed to the charter and by-laws, and agreed to be governed by the board. The board adopted and prescribed rates which should be charged and received by its members as premiums for insurance upon property. And the relators afterwards violated those rates, by insuring two steamers for smaller amounts than those which had been established by the board. For that, after an investigation of the charge, the Relief Fire Insurance Company was expelled from its membership in the board.

*John E. Parsons,* for relators.

*William Allen Butler,* for defendant.

LAWRENCE, *J.* — I did not understand the counsel for the relator as contending, on the argument, that the expulsion of the Relief Fire Insurance Company from the board of fire underwriters was invalid, for the reason that a fair opportunity was not afforded to the company of being heard, but that he contended that the by-law under which the respondents acted, was one which, under their charter, they had no power to pass, and was unreasonable and contrary to public policy. I shall not, therefore, inquire in disposing of this motion, whether the relator had due and proper notice of the proceedings taken for its expulsion from the board, and shall

confine myself simply to a statement of the conclusions at which I have arrived in regard to the points discussed by counsel.

First. It seems to me, that under the provisions of the *second* and *fifth* sections of the charter, it was quite competent for the respondents to pass the by-law in question. The second section of the charter prescribes that "the purposes of this corporation shall be to inculcate just and equitable principles, in the business of insurance; *to establish and maintain uniformity among its members, in policies or contracts of insurance,* and to acquire, preserve and disseminate valuable information relative to the business in which they are engaged."

The fifth section confers upon the respondents power " to make all needful by-laws not contrary to the provisions of this act or the Constitution and laws of this state, or of the United States."

The power conferred by these sections is not to be construed as an arbitrary or an unlimited power. The by-laws must be such as are reasonable and adapted to the purposes of the corporation (*People* agt. *Medical Society,* 24 *Barb.,* 571; 2 *Kent Com.,* 296; *Angell & Ames on Corp.,* secs. 347, 348, *et seq.*).

As the power bestowed upon the respondents is to " establish and maintain uniformity " amongst members " in policies or contracts of insurance," a by-law which compels or binds their members to uniformity in their rates of insurance, seems to me to come directly within the power conferred. I cannot convince myself that the power is to be limited to securing uniformity in the conditions, covenants and general provisions of the policies. The object of the incorporation of the respondents seems to have been to secure harmonious co-operation between all the members of the corporation, and uniformity in the rates or premiums of insurance, is quite as necessary apparently for that end, as uniformity in the conditions, covenants and general provisions of the policies. Agreement between the corporators, as to the rates to be

charged for certain kinds of risks, is quite as essential to promote the objects in view, as an agreement upon the phraseology to be used in their respective policies. Again, the power conferred is to establish and maintain uniformity in the *contracts* of insurance. How can the court decide that the rate at which a risk is taken, is any less a part of the contract, than a condition in the policy that camphene or any other inflammable article shall not be used upon the premises insured, except under certain contingencies

Second. If I am right in the construction which I have given to the second and fifth sections of the respondents' charter, the by-law upon which the respondents rely, cannot be attacked as being in contravention of public policy. If the legislature have conferred the power to pass the by-law, it is not in conflict, but in harmony with public policy. So, also, as to the objection that the by-law is in restraint of trade.

Third. The question involved in this case, was not involved in the case decided by judge VAN BRUNT, to which reference was made upon the argument. The opinion in that case denied the power of the respondents to compel all the members of the corporation to deal only with a particular class of citizens, *i. e.*, members of the Board of Fire Insurance Brokers, and the learned judge held, that the by-law then under consideration, was not at all necessary to maintain uniformity in the policies or contracts of insurance, and that it did not tend to inculcate just and equitable principles in the business of insurance. He does not decide the question as to whether the respondents cannot enforce a by-law, designed to secure uniformity in the rates to be charged on risks to be incurred or assumed by the members of the corporation.

Fourth. If the by-law under which the respondents acted, was reasonable and within their corporate powers, the relator was guilty of a violation of the duty owed by it to the respondents, and consequently liable to expulsion (*People* agt. *Coml. Assci.*, 18 *Abb.*, 278, *and cases cited*; *People* agt. *Medical Society*, 32 *N. Y.*, 194, *and cases cited*).

Fifth. The conclusions above stated render it unnecessary for me to consider the points argued as to the power of the respondents to compel members to subscribe to the charter and by-laws, and as to the effect of such subscription.

Sixth. On the whole I am of the opinion that the relator has not shown that clear legal right, to reinstatement as a member of the respondents, which must appear in order to authorize the awarding of a peremptory *mandamus* to compel such reinstatement (*People* agt. *Sups. Chenango*, 1 *Kernan*, 563).

The motion is, therefore, denied, with costs of motion. (*Affirmed*, 7 *Hun*, 248.)